## Rhoads v. Margoshes et al.

*Partnership—Jurisdiction of law and equity—Action for amount paid into partnership by partner—Act of May 14, 1915.*

1. Where an action by a partner against copartners involves only a matter of accounting for a definite sum, the law courts have jurisdiction, equitable powers not being involved.

2. Where, however, the plaintiff with five others constituted a firm which was subsequently reorganized by the three defendants, who employed the plaintiff for a percentage of the profits, the plaintiff cannot maintain a suit against the latter three for the amount paid in by him to the original firm and also the amount due him from the reorganized firm. He must either amend his action and bring in all the partners and strike out his claim for wages or strike out the first claim and proceed with it in equity or otherwise against all the original partners and amend his statement and ask for an accounting under section 19 of the Practice Act of May 14, 1915, P. L. 483, against the last partnership.

Statutory demurrer. C. P. Lancaster Co., March T., 1926, No. 37.

*Harold G. Ripple* and *K. L. Shirk,* for plaintiff.

*Charles W. Eaby,* for defendants.

LANDIS, P. J., Oct. 1, 1927.—The statement filed in this case alleges that the plaintiff, with the defendants and others, entered into a partnership agreement dated July 19, 1921. The agreement is thereto attached. By it, Nathan Margoshes, Harvey Herr, Joseph R. Kistler, Walter G. Wenninger, John L. Buchheit and John Rhoads agreed to become partners in the business of silversmiths and pipe mounting, under the name of Lancaster Pipe Mount Company. The term of the partnership was to be from July 19, 1921, to Jan. 1, 1922, unless sooner terminated by mutual consent. Nathan Margoshes and Harvey Herr were to contribute $1699.42 in cash and stock and equipment, and Joseph R. Kistler, Walter G. Wenninger, John L. Buchheit and John Rhoads were each to contribute $849.71. In the event of any of the parties withdrawing, his interest was to be disposed of to the remaining members of the firm, and the amount of his interest was as provided for in case of the death of any of the partners, which was to be by an accounting. The parties were to draw an equal sum per week, which was to be charged against them on the books. Upon the dissolution of the partnership, after all the debts of the partnership should be paid, a true and final account was to be made between the partners, as therein stipulated.

It is stated that the partnership was dissolved on Dec. 31, 1923, and that it was then reorganized by the defendants as partners, and the plaintiff was employed by this partnership pursuant to an employment agreement. This agreement, dated Jan. 2, 1924, which is between John Rhoads, of the first part, and Nathan Margoshes, Harvey Herr and John L. Buchheit, trading as the Lancaster Pipe Mount Company, of the second part, provides that John Rhoads shall work as an employee for the partners for one year from the date of the agreement, and that the partners agree to pay him 12½ per cent. of the net profits of the Lancaster Pipe Mount Company in addition to $30 per week. No settlement of the first partnership seems ever to have been made, and the plaintiff now claims that, as he paid in $849.71, and as that was a fair valuation of his interest at the time the partnership was dissolved, he can recover that amount, with interest, in this suit at law.

As to the second agreement, it is averred that he was entitled to receive $30 a week and 12½ per cent. of the net profits. This would seem to be a correct proposition under the agreement. He claims that the profits amounted

Rhoads *v.* Margoshes et al.

to about $8000, and the defendants have failed to pay him his proportionate share, less $210.18, which he has received on account.

Counsel for the defendants asserts that the remedy is by bill in equity and not by an action at law. I think a statement of the facts as above made will not sustain this position.

First, let us see whether the original partnership can be settled in this way. It is true that, after allowing for the debts as provided for in the partnership agreement, the plaintiff is entitled to a share of the profits, if there should be ascertained to have been any made by the partnership.

Under section 13 of the Act of June 16, 1836, P. L. 789, it is declared that the "several Courts of Common Pleas shall have the jurisdiction and powers of a court of chancery so far as relates to . . . (V) the supervision and control of all corporations, other than those of a municipal character, and unincorporated societies or associations and partnerships." But by the Act of Oct. 13, 1840, § 19, P. L. (1841) 7, it is further provided that the "several . . . Courts of Common Pleas within this Commonwealth shall have all the powers and jurisdiction of courts of chancery in settling partnership accounts and such other accounts and claims as by the common law and usages of this Commonwealth have heretofore been settled by the action of account-render, and it shall be in the power of the party desirous to commence such action to proceed either by bill in chancery or at common law." In Kauffman's Appeal, 55 Pa. 383, it was held that "where no decree is sought but one for the payment of money which can be as readily recovered in an action at law, the case is not one of specific relief, and consequently does not fall within the equity head of granting relief where a recovery in damages would be an inadequate remedy." To the same effect is Sprigg *v.* Commonwealth Title Ins. and Trust Co., 206 Pa. 548.

As, then, this is only a matter of accounting and this court has already taken jurisdiction, we can see no good reason why it should not have power to settle the controversy if the same is before us in proper form. The trouble, however, with the proceedings as presented is that this suit is against three partners, constituting a firm, whereas the original firm was made up of six persons, including himself. He cannot sue three partners for what is a joint liability of the six.

As to the second proposition, there can be no serious difficulty. The agreement between the plaintiff and the three defendants was an employment for a stipulated compensation made up of a cash weekly payment and a share of the profits. The proper practice is for the plaintiff to amend his statement and ask for an accounting under section 19 of the Practice Act of May 14, 1915, P. L. 483. It is, in my judgment, certain that a court of equity has nothing to do with such a controversy. It can be fixed in a court of law.

I am of the opinion that the plaintiff cannot pursue his two actions in one suit because they are not against the same defendants. He must either amend his action and bring in all the parties and strike out his claim for wages, or he may strike out the first claim and proceed with it by bill in equity or otherwise against all the partners. In this suit, he may, however, file a new statement against the last partnership, covering the amount of wages which shall be ascertained to be due to him under the employment agreement.

To this extent, the affidavit of defense raising a question of law is at this time sustained, but no judgment in favor of the defendants can for the reasons above given be entered. The parties have agreed to make the proper amendments and so dispose of the question raised.

From George Ross Eshleman, Lancaster, Pa.